the money, agreeing to return it on the happening of a certain event, the courts will not lend their aid to enforce such corrupt and illegal agreement, even if such event do occur.

Appeal from a judgment in favor of the defendant, entered upon the report of a referee.

*J. Van Voorhis,* for appellant. *Geo. W. Daggett,* for respondent.

Opinion by Merwin, J.

Present — Smith, P. J., Gilbert and Merwin, JJ.

Judgment reversed and new trial ordered, without costs of appeal to either party.

---

JACOB CUYLER, Appellant, *v.* HASTINGS MERRIFIELD, Impleaded, etc., Respondent.

*Agent cannot depart from instructions — ratification.*

The defendant's son, a minor, being desirous of purchasing an organ, defendant authorized his wife to write his name on the back of his son's note, but said he would not be a maker, or sign a joint note. In his absence his wife signed his name as a joint maker with the son. *Held,* that she had no authority to do so, and that he was not bound thereby. (Dunlap's Paley Agency [4th Am. ed.], 202; Parsons on Bills, 107; *Fenn* v. *Harrison,* 3 Term, 757; 7 Taunt., 455; 9 Bingham, 19.)

After the maturity of the note, defendant wrote to the holder of it, stating that he had agreed to put his name on the back of the note, and that, in his absence, it was put on the face of it; that his son was good, and that as soon as he (the son) could dispose of a crop he had in hand, they would do exactly the right thing. *Held,* that this did not amount to a ratification of the unauthorized act of his wife. (*Commercial Bank of Buffalo* v. *Warren,* 15 N. Y., 577; Story on Ag., § 253.)

Appeal from a judgment entered on the report of a referee dismissing the complaint.

*Jacob B. Decker,* for appellant. *Sedgwick, Kennedy & Tracy,* for respondent.

Opinion by Merwin, J.

Present — Smith, P. J., Gilbert and Merwin, JJ.

Judgment affirmed.